AMOS SAWYER

*v.*

STATE OF ILLINOIS.

*Opinion filed May 16, 1917.*

COMPENSATION—*to public officers.* Statutes prohibiting extra pay to public officers, have no application to two distinct offices, positions or employments.

PUBLIC OFFICERS—*may hold position or employment.* An officer, in addition to the duties of his office, unless expressly prohibited by law, may hold an employment or position, when each has its own duties and compensations.

E. A. Hardt, for Claimant.

Edward J. Brundage, Attorney General, for State.

Claimant was Chief Clerk of the State Board of Health for several years prior to March 30, 1913, and subsequent thereto. On March 30, 1913, the then Secretary of the Board died, and the next day the Governor directed the petitioner to assume the duties of the office of Secretary and appointed him "Acting Secretary." He immediately entered upon the performance of the duties of that office and continued to act as both Secretary and Chief Clerk of the Board until April 14, 1914.

He had applied to the Civil Service Commission to be relieved of his duties as Chief Clerk, but his application was refused. It is apparent from the record that he devoted a great deal of time to the performance of his duties, it requiring many hours of extra work.

The statute provides that the Secretary of the Board of Health shall be elected by the Board. There was no formal election, though the members of the Board severally told him to act.

In the interim between meetings of the Board, the Secretary performed all of its duties and exercised all of its powers, and among other things he granted licenses to practice medicine. In law, an acting secretary is a Secretary. We are not prepared to hold that claimant was not in fact the Secretary of the Board, to hold otherwise might indeed lead to serious consequences.

The position of Chief Clerk of the Board is not a statutory office, that of Secretary is.

Claimant having been Secretary of the Board, as we view it, the only question remaining for us is to decide as to whether or not he is entitled to a salary, having received his salary as Chief Clerk.

In the case of the *United States* v. *Saunders,* 126 U. S. 130, the Supreme Court of the United States has held that statutes prohibiting the allowance of extra pay or compensation to public officers have no

application to two distinct offices, positions or employments, each of which has its own duties and compensations, and which offices may both be held by one person at the same time.

We do not question the right of claimant to have held both offices, positions or employment at the same time; as we view it, he held an employment and an office. Neither is this right questioned by the State.

Under the authority above cited, we believe claimant is entitled to recovery, and is entitled to receive compensation from March 31, 1913, to April 14, 1914. The 48th General Assembly had appropriated $3,600.00 a year for the salary, and in addition to this the Board paid $150.00 a month. In our view of the case, the salary as fixed by law was $300.00 per month, and claimant is accordingly entitled to recover $3,750.00, the salary for twelve and one-half months.

We accordingly award claimant the sum of three thousand seven hundred fifty and 00/100 ($3,750.00) dollars.